**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KANE BUILDERS, INC., | : | CIVIL ACTION NO. 14-5804 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| CONTINENTAL CASUALTY COMPANY, | : | |
| Defendant. | : | |

**VARIOUS ENTITIES** have asserted claims in one action in New Jersey Superior Court, Ocean County against: (1) Kane Builders, Inc. ("the Insured") to recover damages for defective building construction; and (2) the Insured's insurer, Continental Casualty Company ("the Insurer") for a judgment declaring that the Insurer is obligated to defend and indemnify the Insured in that action ("State Construction Action"). (See dkt. entry no. 1-2, Am. Third Party Compl.) This Court's review of the docket of the State Construction Action reveals that it is being actively litigated. See generally No. L-3433-11 (N.J. Super. Ct., Ocean Cnty.).

**THE INSURED** then brought a separate action against the Insurer in the same state court for, inter alia, a judgment declaring that the Insurer is obligated to defend and indemnify the Insured in the State Construction Action ("Declaratory Judgment Action"). (See dkt. entry no. 1-1, Compl.) The Insurer has removed the Declaratory Judgment

Action to this Court pursuant to 28 U.S.C. § 1332(a).  (See dkt. entry no. 1, Notice Of Removal at 2.)

**A DETERMINATION** by this Court as to any claim in the Declaratory Judgment Action would necessarily affect — and thus interfere with — the State Construction Action.  Indeed, the Insurer is named as a party in the State Construction Action.  As a result, this Court must abstain from adjudicating the Declaratory Judgment Action.  See Wilton v. Seven Falls Co., 515 U.S. 277, 280–90 (1995) (upholding Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)).

**THE DECLARATORY JUDGMENT ACTION**: (1) is a declaratory-judgment action involving insurance-coverage issues; (2) concerns issues that are being raised in the State Construction Action; and (3) could be adjudicated by the same judge overseeing the State Construction Action because both actions were initiated in the same state court.  As a result, the Declaratory Judgment Action should be remanded.  See Del Suppo, Inc. v. Nautilus Ins. Co., No. 07-952, 2007 WL 2345287, at *2–3 (W.D. Pa. Aug. 16, 2007) (declining jurisdiction and remanding action where insurer removed insured's action seeking indemnification in underlying state court action); see also Williams v. State Auto Prop. & Cas. Ins. Co., No. 08-4983, 2009 WL 1119502, at *2–3 (E.D. Pa. Apr. 24, 2009) (remanding insurance-coverage action, and noting "the possibility of interfering with the state court cases regarding the same matter is substantial" because the conduct of certain

2

parties would need to be addressed in both the underlying state action and the removed declaratory-judgment action).

**THE COURT**, in view of the pending State Construction Action, must "promote judicial economy by avoiding duplicative and piecemeal litigation". State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135 (3d Cir. 2001).  The Insurer's preference to proceed in federal court "has no special call on the federal forum". Id. at 136.  Therefore, the Court will remand the Declaratory Judgment Action.[1]

**FOR GOOD CAUSE APPEARING**, the Court will issue an appropriate order and judgment.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  December 12, 2014

---

[1] The Court notes that the Insured should have named the various entities asserting claims in the State Construction Action as parties in the Declaratory Judgment Action.  See N.J.S.A. 2A:16-56 (stating that when declaratory relief is sought, all those having an interest that would be affected by the declaration must be made parties to the proceeding).  The interests of those various entities certainly will be affected if the Insured is found to be liable in the State Construction Action, but has no insurance coverage.